**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRAD YOUNG, et al.,**

    **Plaintiffs,**

    v.

**MESA UNDERWITERS SPECIALTY INSURANCE COMPANY,**

    **Defendant.**

    **Case No. 2:19-cv-3820**
    **Judge Edmund A. Sargus**
    **Magistrate Judge Kimberly A. Jolson**

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Protective Order Staying Discovery (Doc. 20). For the reasons that follow, the Motion is **GRANTED in part and DENIED in part**.

### I. BACKGROUND

This case concerns an insurance coverage dispute. On September 1, 2013, Randall Pennington ("Pennington") was driving home from work at the Columbus Gold bar when he struck Plaintiff Brad Young who was riding his bike along Dublin Road. (Doc. 1, ¶ 1). 5411, Inc. ("5411") owned Columbus Gold, and Defendant provided a commercial general liability insurance policy to it. (*Id.*, ¶¶ 1–2).

Plaintiffs sued Pennington and 5411 in the Franklin County Court of Common Pleas. (*Id.*, ¶ 14). Defendant declined coverage of 5411 and refused to provide a defense or otherwise participate in the litigation between Plaintiffs and 5411. (*Id.*, ¶ 2). Plaintiffs obtained a judgment against 5411 in state court and now bring this action "to recover from MESA [the

Defendant] for the judgment against 5411, and for claims against MESA that 5411 has assigned to the Youngs." (*Id.*, ¶¶ 1–3).

Defendant filed the instant Motion and requests that the Court stay all discovery pending a ruling on its Motion for Judgment on the Pleadings. (*See generally* Doc. 20). In the alternative, Defendant asks that the Court grant it a four-month extension of the case schedule. (*See id.*). The Motion is fully briefed and ripe for resolution. (*See* Docs. 22, 24).

## II.     STANDARD OF REVIEW

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And, as is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citation omitted) (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery").

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed." *Id.*

(citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Id.* (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)).

At bottom, "[t]he Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

### III.  DISCUSSION

Defendant argues a stay is appropriate because: (1) the pending Motion for Judgment on the Pleadings is likely to dispose of the entire case; (2) Plaintiffs will not be prejudiced; and (3) the equities weigh heavily in favor of a stay. (Doc. 20 at 4–6; Doc. 24 at 1–2).

Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion. *See Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *2 (S.D. Ohio Oct. 10, 2018) (quoting *Bowens*, 2010 WL 3719245, at *2) ("[T]he Court has frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.'"). This is true for several reasons. First, "'[h]ad the Federal Rules contemplated that a [dispositive] motion … would stay discovery, the Rules would contain a provision to that effect.'" *Ray*, 2018 WL 4907080, at *2 (quoting *Williams v. New Day Farms, LLC*, No. 2:10-cv-394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010)). Indeed, "such a notion is directly at odds with the need for expeditious resolution of litigation," and, because "motions to dismiss are a frequent part of federal practice, this provision only makes sense if

3

discovery is not to be stayed pending resolution of such motions." *Ray*, 2018 WL 4907080, at *2 (citation and quotations omitted)). Further, Defendant's Motion "would require the [C]ourt to make a preliminary finding of the likelihood of success on the motion to dismiss," which "would circumvent the procedures for resolution of such a motion." *Id.* (citation and quotations omitted).

Additionally, none of the "special circumstances" weighing in favor of a discovery stay are present in this case. *See Ohio Valley Bank*, 2019 WL 2170681, at *2. For example, Defendant's Motion does not "raise[] an issue such as immunity from suit, which would be substantially vitiated absent a stay." *Ray*, 2018 WL 4907080, at *2 (quotation marks and citation omitted). Nor is it "patent that the case lacks merit and will almost certainly be dismissed." *Id.* (quotation marks and citations omitted). While Defendant argues that its Motion for Judgment on the Pleadings is meritorious, on the face of the Complaint, "the Court cannot conclude that Plaintiffs' claims are frivolous or that it is highly likely that [the Motion] will be granted," *Ray*, 2018 WL 4907080, at *2 (citation omitted).

The Court still must balance the burden of proceeding with discovery upon Defendant against the hardship which would be worked by denying Plaintiff the opportunity to pursue discovery. If the Court denies the stay, Defendant will be compelled to expend time and money on discovery that may subsequently be moot after a ruling on its Motion for Judgment on the Pleadings. Moreover, Defendant will be required to produce discovery without knowing the true scope of this case. In contrast, granting a stay will prejudice Plaintiffs by delaying the resolution of this case.

The Court finds that the balance of hardships weighs in favor of Plaintiffs. As reflected in the Federal Rules, Plaintiffs deserve to have their claims heard in a timely and efficient

manner.  A stay of discovery conflicts with this goal.  The Court recognizes that this will impose a burden on Defendant.  But it is the same burden that nearly every defendant in this Court faces in civil litigation.  And had the drafters of the Federal Rules meant to alleviate that burden on civil litigants, the Court is confident they would have said so.  The Court will deny Defendant's request to stay the case as a result.

Defendant's alternative request for relief is, however, well-taken.  On or before, October 26, 2020, the parties are **ORDERED** to meet and confer regarding a proposed extension of the case schedule.  On or before October 26, 2020, the parties are **ORDERED** to submit a joint status report with a proposed case schedule.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 20) is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED.


Date: October 19, 2020                      /s/Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE